John H. Gomez, Esq. (SBN 171485)
john@thegomezfirm.com
Paul L. Starita, Esq. (SBN 219573)
pstarita@thegomezfirm.com
Carmela Birnbaum (SBN 190495)
cbirnbaum@thegomezfirm.com
Jack P. Branscome, Esq. (SBN 339763)
jbranscome@thegomezfirm.com
**GOMEZ TRIAL ATTORNEYS**
655 W Broadway, Suite 1700
San Diego, CA 92101
Telephone: (619) 237-3490/Facsimile: (619) 237-3496

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASE FIASEU AND RODOLFO MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No: 22cv0752-GPC-BLM<br><br>**PLAINTIFFS' AMENDED COMPLAINT FOR DAMAGES** |

Plaintiffs, PASE FIASEU AND RODOLFO MARTINEZ, (collectively, "Plaintiffs"), hereby file the following complaint for damages against Defendant UNITED STATES OF AMERICA ("Defendant").

## INTRODUCTION

1.  This action arises from the acts and/or omissions of Defendant's employees at the United States Department of Veterans Affairs ("VA"). Specifically, supervisory VA employees responsible for protecting and safeguarding employees at the Chula Vista VA Clinic and consequently, the families of those employees, failed in the duty owed

these employees and their families and that failure resulted in harm to those employees and their families. Their failures permitted a doctor, a VA employee at the Chula Vista VA Clinic, to surreptitiously place a video recording device in the unisex restroom at this facility so he could record female VA employees while they used the restroom. Seven female VA employees were surreptitiously video recorded during such an extremely personal and intimate moment. Upon learning that they had been video recorded, Plaintiffs' spouses, nurses assigned to the Chula Vista VA Clinic, suffered severe emotional distress which had devastating impacts on their marital relationships with the respective Plaintiffs. Accordingly, Plaintiffs now bring claims for their losses of consortium.

## JURISDICTION AND VENUE

2. This is an action arising under the Federal Tort Claims Act 28 U.S.C. §§ 2671 et seq. This Court is vested with original jurisdiction to hear this matter pursuant to 28 U.S.C. § 1346 (b)(1), which provides in part that, "[t]he district courts … shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any officer, employee or servant of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

3. Plaintiffs timely filed administrative claims with the VA pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2675. These claims were denied by the VA as to Plaintiff PASE FIASEU on March 17, 2022, and as to Plaintiff RODOLFO MARTINEZ on March 28, 2022.

4. Venue is proper in the Southern District of California, because the acts or omissions giving rise to the claims alleged herein occurred in this District. 28 U.S.C. § 1391(b)(2).

# THE PARTIES

5. Plaintiff PASE FIASEU is the spouse of Cassandra Fiaseu who is and was employed by the VA at the Chula Vista VA Clinic, 353 H Street, Chula Vista, California, 91910, as a nurse when she was surreptitiously video recorded by Dr. Vincent Tran.

6. Plaintiff RODOLFO MARTINEZ is the spouse of Yeojin Martinez who is and was employed by the VA at the Chula Vista VA Clinic, 353 H Street, Chula Vista, California, 91910, as a nurse when she was surreptitiously video recorded by Dr. Vincent Tran.

7. The VA, while not a party, is an agency of Defendant UNITED STATES OF AMERICA that provides benefits, health care, and cemetery services to military Veterans.

# FACTUAL ALLEGATIONS

8. Plaintiff PASE FIASEU and his spouse Cassandra Fiaseu were married on or about July 18, 2020 and continue to be married.

9. Plaintiff RODOLFO MARTINEZ and his spouse Yeojin Martinez were married on or about June 3, 2003 and continue to be married.

10. On or about or during October of 2020, Cassandra Fiaseu and Yeojin Martinez were employed by the VA as nurses and were assigned to the Chula Vista VA Clinic, 353 H Street, Chula Vista, California, 91910. At this same time, Dr. Vincent Tran was employed by the VA as a doctor and was assigned to the Chula Vista VA Clinic.

11. On or about or during October of 2020, Dr. Vincent Tran placed or installed a video recording device for the purpose of recording and/or viewing female VA employees using the unisex restroom at the Chula Vista VA Clinic. Dr. Tran recorded both Cassandra Fiaseu and Yeojin Martinez, without their consent, during intimate moments while they used this unisex restroom at the Chula Vista VA Clinic.

12. On or about May 12, 2021, the VA informed Cassandra Fiaseu, the spouse of Plaintiff PASE FIASEU, and Yeojin Martinez, the spouse of Plaintiff RODOLFO

MARTINEZ, that each had been surreptitiously video recorded while using the unisex restroom at the Chula Vista VA Clinic.

13. Both Cassandra Fiaseu and Yeojin Martinez were shocked and outraged when they learned that one of their most intimate moments had been video recorded and viewed.

14. The VA, by and through the Dr. Vincent Tran, surreptitiously video recorded Plaintiffs' spouses, Cassandra Fiaseu and Yeojin Martinez, during an extremely personal and intimate moment in the unisex restroom at the Chula Vista VA Clinic.

15. This egregious violation of Cassandra Fiaseu and Yeojin Martinez's person caused each to suffer severe emotional distress, anxiety, embarrassment, worry, fear and frustration. The trauma suffered by Cassandra Fiaseu and Yeojin Martinez caused irreparable harm to their marital relationships with the respective Plaintiffs. As such, Plaintiffs each suffered and continue to suffer loss of conjugal society, comfort, affection, and companionship with their respective spouses.

16. Several years prior to the incident alleged here, a similar incident occurred at the VA Mission Valley Clinic. The VA knew or should have known that having unisex restrooms with no option to have "female only" restrooms posed an unreasonable risk of harm to female employees at the Chula Vista VA Clinic and their families. The VA was on notice that female employees as well as their families were in jeopardy.

17. Further, the VA failed to take all reasonable precautions to protect the female employees at the Chula Vista VA Clinic and their families by failing to inspect the unisex restroom at the Chula Vista VA Clinic for video recording devices.

18. The VA's failure to create, control, and maintain a safe working environment for female employees is unacceptable as Defendant has a duty to maintain, at its facilities, a safe and healthy environment for employees. *See Whisnant v. United States*, 400 F.3d 1177 (9th Cir. 2005).

19. As a direct and proximate result of Defendant's negligence, Plaintiffs have suffered a loss of consortium.

20. The conduct complained of herein was not caused by any act or omission of Plaintiffs.

# CAUSE OF ACTION
## Negligence

21. Plaintiffs incorporate herein by reference each and every previous and subsequent allegation as though fully set forth herein.

22. Plaintiffs were and continue to be harmed by Defendant's negligent actions and/or omissions.

23. At all relevant times herein alleged, Defendant had a duty to act with reasonable and due care for the safety and health of its employees and their respective families including Plaintiffs.

24. Defendant failed to exercise reasonable care in that it failed to properly supervise their employees and provide for a safe and healthy work environment for its employees.

25. Defendant knew or should have known that its actions, omissions, and failures to act posed a threat of harm to its employees and their respective families including Plaintiffs. Defendant's conduct was a substantial factor in causing Plaintiffs' harm.

26. The acts and omissions by Defendant are the legal cause of the injuries to the Plaintiffs. Defendant is liable to Plaintiffs for all harm caused them.

27. As a direct and proximate result of Defendant's acts and omissions, Plaintiffs suffered substantial personal harm as described above.

28. A loss of consortium claim is a standalone negligence claim for the loss of "the noneconomic aspects of the marriage relation, including conjugal society, comfort, affection, and companionship." (*Deshotel v. Atchison, T. & S. F. Ry. Co.* (1958) 50 Cal.2d 664, 665, *overruled* on other grounds in *Rodriguez*, *supra*, 12 Cal.3d at 408.)

//

29. A loss of consortium claim has four essential elements: (1) a valid and lawful marriage between the spouse and the injured spouse at the time of the injury; (2) a tortious injury to one spouse; (3) loss of consortium suffered by the noninjured spouse; and (4) the loss was proximately caused by the defendant's act. (*Vanhooser v. Superior Court* (2012) 206 Cal.App.4th 921, 927.)

30. The allegations outlined herein meet the essential elements of a claim for loss of consortium as to each Plaintiff.

31. Further, on or about May 12, 2021, after having been informed by the VA that that each had been surreptitiously video recorded while using the unisex restroom at the Chula Vista VA Clinic, Cassandra Fiaseu informed her spouse, Plaintiff PASE FIASEU, and Yeojin Martinez informed her spouse, Plaintiff RODOLFO MARTINEZ, that they had been surreptitiously video recorded while using the unisex restroom at the Chula Vista VA Clinic.

32. Upon learning that their spouses had been surreptitiously video recorded, Plaintiffs suffered serious emotional distress and continue to do so.

33. Defendant's failure to exercise reasonable care by failing to properly supervise Dr. Tran and to provide for a safe and healthy work environment was a substantial factor in causing Plaintiffs' serious emotional distress.

//
//
//
//
//
//
//
//
//
//

# PRAYER

WHEREFORE, Plaintiffs pray for judgment against Defendant, as follows:

1. For general damages;

2. For special and/or economic and/or loss of use damages;

3. For incidental damages;

4. For attorneys' fees as permitted by law;

5. For prejudgment interest as permitted by law;

6. For costs of suit incurred herein; and

7. For such other and further relief as the court may deem just and proper.

DATED:  June 16, 2022             Respectfully submitted,

**GOMEZ TRIAL ATTORNEYS**


By: /s/ Paul Starita
    John H. Gomez, Esq.
    Paul Starita, Esq.
    Carmela Birnbaum, Esq.
    Jack Branscome, Esq.

*Attorneys for Plaintiffs*