UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASE FIASEU and RODOLFO MARTINEZ,<br><br>         Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>         Defendant. | Case No.:  3:22-cv-00752-GPC-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>**[ECF No. 5]** |

Before the Court is a Motion to Dismiss Plaintiffs Pase Fiaseu's and Rodolfo Martinez's operative First Amended Complaint ("FAC" or "Complaint"), filed by Defendant United States of America. (ECF 5.)  Mr. Fiaseu and Mr. Martinez have filed their response in opposition to the motion to dismiss, (ECF 9), and the United States has replied, (ECF 11).  The Court held oral arguments on November 18, 2022.  For the reasons set forth below, the Court GRANTS the United States' motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1).

**I.  BACKGROUND**

Plaintiffs Pase Fiaseu and Rodolfo Martinez are seeking damages, costs, and attorney's fees against Defendant United States for events taking place between October 2020 and May 2021 which they allege resulted in loss of consortium and the negligent

1

3:22-cv-00752-GPC-BLM

1  infliction of emotional distress. (FAC ¶¶ 11-19.) They allege that their spouses—both
2  employed at the Chula Vista Veterans Affairs ("VA") Clinic—were notified in May 2021
3  that they had been secretly recorded on video while using the unisex restroom at the VA
4  Clinic. (FAC ¶¶ 8-9, 11-12.) Dr. Vincent Tran, a doctor at the VA Clinic, allegedly "placed
5  or installed [the] video recording device" in the unisex bathroom around October 2020.
6  (FAC ¶ 11.) According to the United States, "Tran is now being prosecuted by the San
7  Diego County District Attorney's Office for his crimes." (ECF 5 at 8.) Both spouses
8  applied for and received workers' compensation benefits under the Federal Employees'
9  Compensation Act ("FECA"). (ECF 5 at 10; ECF 5-1 at 2-4; ECF 5-2 at 2-4.)

10       Mr. Fiaseu and Mr. Martinez allege that this "egregious violation" of their spouses'
11  privacy "caused each [spouse] to suffer severe emotional distress, anxiety, embarrassment,
12  worry, fear, and frustration," as well as "irreparable harm to their marital relationships with
13  the respective Plaintiffs." (FAC ¶ 15.) In turn, Mr. Fiaseu and Mr. Martinez allege that
14  they "suffered and continue to suffer loss of conjugal society, comfort, affection, and
15  companionship with their respective spouses." (FAC ¶¶ 15, 19.) Their Complaint can also
16  be read to allege that the above-described events caused the plaintiffs to suffer negligent
17  infliction of emotional distress. (*See* FAC ¶¶ 15, 32.)

18       Mr. Fiaseu and Mr. Martinez seek to recover damages under a theory of negligence.
19  They assert that the VA Clinic had a "duty to maintain, as its facilities, a safe and healthy
20  environment for its employees," (FAC ¶¶ 18, 23); that it "failed to take all reasonable
21  precautions to protect the female employees . . . and their families by failing to inspect the
22  unisex restroom . . . for video recording devices," (FAC ¶¶ 17, 24); and that the VA Clinic's
23  actions and omissions were a substantial factor and legal cause of Mr. Fiaseu's and Mr.
24  Martinez's injuries, (FAC ¶¶ 25-26, 19). They further allege that the VA Clinic "knew or
25  should have known that having unisex restrooms with no option to have 'female only'
26  restrooms posed an unreasonable risk of harm to female employees . . . and their families"
27  because a similar incident occurred at the Mission Valley VA Clinic. (FAC ¶ 16.)
28

The United States argues that the Complaint must be dismissed because the Court lacks subject matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted. (ECF 5.)

## II.     LEGAL STANDARD

The federal court possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Once a defendant moves to dismiss for lack of subject matter jurisdiction, the burden shifts to the plaintiff to prove that jurisdiction exists. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

"Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.' " *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (alteration in original) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). FECA allows for federal employees to obtain workers' compensation benefits. (*See* ECF 5 at 12; ECF 9 at 7.) 5 U.S.C. §§ 8101-93 (2016). It instructs the United States to compensate federal employees "for injuries sustained during the performance of their duties." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993); *see* 5 U.S.C. § 8102(a). Its "exclusivity provision bars recovery under the [Federal Tort Claims Act ("FTCA")]," proscribing "all other liability of the United States . . . to the employee[,] . . . [spouse,] and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute." *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) (quoting 5 U.S.C. § 8116(c)). FECA operates as a type of compromise: It "provide[s] immediate compensation to federal employees, regardless of fault, eliminating the need to litigate those claims. In return,

3

3:22-cv-00752-GPC-BLM

employees lose the right to sue the Government." *Id.* at 1069 (citation omitted); *see also Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983) (discussing FECA's exclusive liability provision).

## III. DISCUSSION

The United States argues that the Complaint should be dismissed on three grounds. First, "because Plaintiffs' spouses already received workers' compensation benefits for their injuries under" FECA, which offers an exclusive remedy and explicitly bars Mr. Fiaseu's and Mr. Martinez's recovery. (ECF 5 at 8.[1]) Second, because "the alleged acts of negligence fall squarely within the discretionary function exception to the United States' limited waiver of liability in the [FTCA]." (*Id.*) And third, because Mr. Fiaseu and Mr. Martinez failed to allege necessary elements in their claim of negligence. (*Id.*)

The United States argues that Mr. Fiaseu's and Mr. Martinez's claims should be dismissed for lack of subject matter jurisdiction because they are preempted by FECA. (ECF 5 at 12-15.) It reasons that (1) the United States may not be sued without its consent; (2) recovering under FECA was an exclusive remedy available to Mr. Fiaseu and Mr. Martinez and their spouses; (3) decisions by the Secretary of Labor as to the scope of FECA coverage are not reviewable in federal court; (4) Mr. Fiaseu's and Mr. Martinez's claims arise from their spouses' workplace injuries; and (5) FECA accordingly preempts the Complaint. (*Id.*) The United States points to opinions from several circuit courts supporting its argument that FECA bars the loss of consortium claim at issue. (*Id.* at 13 & n.4.) It also emphasizes that "to establish a consortium claim in California requires proving as an element 'a tortious injury to the plaintiff's spouse.' " (*Id.* at 13 n.3 (quoting *Hahn v. Mirda*, 147 Cal. App. 4th 740, 746 n.2 (2007)).)

Mr. Fiaseu and Mr. Martinez respond that their claims for negligence are not barred by FECA's exclusivity provision. (ECF 9 at 7-14.) They concede that "FECA's

---

[1] Page numbers are based on CM/ECF pagination.

exclusivity provision . . . limits any additional claims made by the 'employee, his legal representative, spouse, dependents, next of kin, and any other person otherwise entitled to recover damages from the United States . . . because of the injury.' " (*Id.* at 7 (second omission in original) (quoting 5 U.S.C. § 8116(c)).) But they contend the provision is inapposite here because they are seeking to remedy their own personal injuries distinct from those of their spouses, even though their injuries arise from their spouses' workplace injuries. (*Id.*) Mr. Fiaseu and Mr. Martinez explained further at the motion hearing that they interpreted caselaw from the Sixth Circuit to stand for the proposition that loss of consortium claims are non-derivative and belong to the non-employee spouse.

### A. Loss Of Consortium

Mr. Fiaseu and Mr. Martinez are seeking a loss of consortium as a part of their negligence claim. (*See* FAC ¶ 15 ("The trauma suffered by [the wives] caused irreparable harm to their marital relationships with the respective Plaintiffs. As such, Plaintiffs each suffered and continue to suffer loss of conjugal society, comfort, affection, and companionship with their respective spouses.") Plaintiffs take pains to distinguish their claims for loss of consortium from those that were dismissed by the Ninth Circuit in other cases. First they point to *Posegate v. United States*, in which the Ninth Circuit affirmed the dismissal of a husband and wife's complaint for damages, including those arising from the wife's loss of consortium, after the federal employee husband suffered a workplace injury. 288 F.2d 11 (9th Cir. 1961). Mr. Fiaseu and Mr. Martinez argue that *Posegate* is distinguishable because the husband and wife brought their claims together[2] and the bulk of the opinion addresses why the husband's recovery was barred after he had already

---

[2] As the United States points out in reply, whether spouses bring claims together or separately cannot be "the ultimate loophole that cancels the United States' sovereign immunity." (ECF 11 at 4.) Mr. Fiaseu and Mr. Martinez implicitly acknowledge this reality when they recognize that the Ninth Circuit affirmed the dismissal of the wife's claim independently from that of the husband. (ECF 9 at 8 (quoting *Posegate*, 288 F.2d at 14).)

1 | recovered under FECA, whereas "only one sentence dismiss[ed] the loss of consortium claim." (ECF 9 at 8.) What Mr. Fiaseu and Mr. Martinez fail to note, however, is that the entirety of the opinion's analysis—constituting less than two pages in the federal reporter—is within the context of both spouses' claims. *See Posegate*, 288 F.2d at 13 (discussing United States' arguments as to "either of the appellants" and comparing wife's loss of consortium claim to that of wife in another case through lengthy block quote). In other words, the wife's loss of consortium claim failed for the same reason her husband's claim failed: compensation under FECA was the exclusive remedy for them both. *See id.* at 13-14.

Next, Mr. Fiaseu and Mr. Martinez attempt to distinguish *Thol v. United States*, 218 F.2d 12 (9th Cir. 1954). There, the Ninth Circuit affirmed that FECA was the exclusive remedy for a non-dependent parent upon his federal employee son's death. Though true that neither Mr. Fiaseu nor Mr. Martinez "can receive survivor benefits since their spouses did not die from the government's [alleged] negligence," (ECF 9 at 9), *Thol*'s holding does not apply to such narrow circumstances: "In unmistakable language [FECA] precludes resort to a suit in damages against the United States for *injury to* or death of an employee by anyone who might in the absence of the statute have been entitled to maintain an action for such injury or death." 218 F.2d at 13 (emphasis added). Other circuit courts have reached the same result. *See, e.g.*, *Underwood v. United States*, 207 F.2d 862 (10th Cir. 1953) (affirming that non-dependent surviving spouse of federal employee could not recover damages for alleged negligence by United States' employee under FTCA; FECA precluded that remedy); *Swafford v. United States*, 998 F.2d 837 (10th Cir. 1993) (affirming FECA offers exclusive remedy for husband's loss of consortium claims when wife suffered injuries from sexual harassment at federal workplace); *Saltsman v. United States*, 104 F.3d 787 (6th Cir. 1997) (affirming FECA preempted FTCA claims from spouses alleging wrongful death, negligent infliction of emotional distress, and loss of

consortium due to injury or death of their federal employee spouses).  To the extent that Plaintiffs are seeking a loss of consortium, settled caselaw is clear and forecloses this claim.

### B.      Emotional Distress

Mr. Fiaseu and Mr. Martinez also allege that they have suffered emotional distress as a result of "learning that their spouses had been surreptitiously video recorded." (ECF No. 4 at ¶¶ 32-33.)  This claim relies on the holding in *Woerth v. United States,* 714 F.2d 648, 649 (6th Cir. 1983), in which the Sixth Circuit reversed the district court's grant of summary judgment of a negligence claim brought by the husband of a federal employee awarded benefits under FECA.  The wife had contracted hepatitis in her role as a nurse at a VA hospital resulting from the "hospital's failure to follow its own prophylactic procedures." *Id.*  Thereafter, the husband contracted hepatitis from the wife. *Id.*  The wife received FECA benefits for her injuries, but her husband's "claims were administratively denied" and so he sued under the FTCA. *Id.*  After considering whether the husband's claim arose "with respect to the injury or death of an employee," the Sixth Circuit concluded that his cause of action was "based upon his own personal injury, not a right of 'husband and wife.' " *Id.* at 650 (quoting *Smither & Co. v. Coles*, 242 F.2d 220, 225 (D.C. Cir. 1957)).  FECA thus did not bar the husband "from attempting to establish his claim under the FTCA." *Id.*

*Woerth* has been approvingly cited in cases involving a non-employee spouse seeking recovery for harm resulting from contracting a communicable illness from an employee spouse.[3]  *Woerth* has not been extended to an emotional distress claim by any court and given the overlap between emotional distress and loss of consortium, there does not appear to be a logical means to distinguish the two.  Further, as explained by California courts when discussing comparable claims in the context of California's workers'

---

[3] The Ninth Circuit has not had occasion to follow the *Woerth* decision or to consider whether an emotional distress claim by a non-employee is permitted under the FECA.

compensation act, what makes a claim derivative is that "[i]t simply would not have existed in the absence of injury to the employee." *Snyder v. Michael's Stores, Inc.*, 16 Cal. 4th 991, 998 (1997). The elements of these derivative causes of action reflect that "it is legally impossible to state a cause of action for such claims without alleging a disabling or lethal injury to another person." *See's Candies, Inc. v. Superior Court*, 73 Cal. App. 5th 66, 86 (2021).

Mr. Fiaseu and Mr. Martinez argue that they, similarly, can recover for negligent infliction of emotional distress and loss of consortium because they "are not seeking damages 'with respect to' their spouses' injuries," but have causes of action independent from their wives' injuries. (ECF 9 at 10.) In this case, the Complaint and Opposition to the United States' Motion to Dismiss clearly couch their cause of action as arising from their wives' injuries and the impacts those injuries had on their "rights" as spouses. (FAC ¶ 32 ("Upon learning that their spouses had been surreptitiously video recorded, Plaintiffs suffered serious emotional distress and continue to do so."); ECF 9 at 10 ("Pase and Rodolfo experienced their own independent depression, anxiety, mental anguish, and emotional distress over the intimate violation and exposure of their spouses.").) Plaintiffs' emotional distress claims logically depend on showing harm to their spouses. The allegation that they both "felt and continue to feel embarrassed and humiliated as they were unable to protect their wives from the VA's negligence" is derived from the injury to their employee spouses. (ECF 9 at 10.) Close inspection of the claims reveals their injuries are inextricably linked to the invasion of their spouses' privacy rights. Meanwhile, in *Woerth*, the husband's claim was based upon the hepatitis that he separately contracted from his wife. The symptoms and treatment in *Woerth* were sufficiently independent from the harm to the spouse that the claims were not preempted by the FECA. *See* 714 F.2d at 649-50.

Dismissal is warranted because Mr. Fiaseu's and Mr. Martinez's causes of action plainly seek "to recover damages suffered precisely because the . . . injury of a given employee has impaired the special relationship between that employee and his or her

spouse or dependent." *See Saltsman*, 104 F.3d at 790-91 (distinguishing and dismissing loss of consortium and negligent infliction of emotional distress claims from those in *Woerth*).

FECA is the exclusive remedy for federal employees and their spouses for legal injuries arising from workplace death and injuries. Though this result may seem unjust to Mr. Fiaseu and Mr. Martinez, (*see* ECF 9 at 13-14), this is an essential part of the compromise envisioned by FECA as interpreted by the Ninth Circuit and United States Supreme Court. *See Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94 (1983); *Moe v. United States*, 326 F.3d 1065, 1069 (9th Cir. 2003). Mr. Fiaseu's and Mr. Martinez's spouses were protected by FECA and their applications for FECA benefits were granted. (ECF 5-1 at 4; ECF 5-2 at 4.) FECA's exclusivity principle accordingly preempted any liability the United States may have faced for Mr. Fiaseu's and Mr. Martinez's claims for loss of consortium or negligent infliction of emotion distress under the FTCA. *See* 5 U.S.C. § 8116(c); *Posegate*, 288 F.2d at 13-14. "Plaintiffs cannot avoid the exclusive and limited nature of relief under FECA by labeling their various damages as an array of different claims to which defendant is subject, some covered by FECA and some not." *Saltsman*, 104 F.3d at 790. The United States has not waived sovereign immunity in this instance, and the Court lacks subject matter jurisdiction over Mr. Fiaseu's and Mr. Martinez's cause of action. *See F.D.I.C.*, 510 U.S. at 475.

The Court GRANTS the United States' motion to dismiss for lack of subject matter jurisdiction. Although the Court entertains doubts that the pleading deficiency can be cured, the Court is not prepared to say it is *impossible* to do so and thus grants Mr. Fiaseu and Mr. Martinez leave to amend their complaint. *See Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990) ("We have held that in dismissals for failure to state a claim, a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading *could not possibly* be cured by the allegation of other facts."(emphasis added)).

Because the Court concludes that the Complaint must be dismissed for lack of subject matter jurisdiction, the Court does not address the remaining arguments raised by the United States.

## IV.   CONCLUSION

The Court GRANTS the United States' motion to dismiss the Complaint for lack of subject matter jurisdiction with leave to amend.  Any amended Complaint must be filed within 30 days of the date of this Order.

**IT IS SO ORDERED.**

Dated:  December 15, 2022

Hon. Gonzalo P. Curiel
United States District Judge