UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PASE FIASEU and RODOLFO MARTINEZ,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No.: 3:22-cv-00752-GPC-BLM<br><br>**ORDER GRANTING MOTION TO DISMISS SECOND AMENDED COMPLAINT**<br><br>[ECF No. 17] |

Before the Court is a Motion to Dismiss Plaintiffs Pase Fiaseu's and Rodolfo Martinez's Second Amended Complaint ("SAC" or "Complaint"), filed by Defendant United States of America. ECF No. 17. Mr. Fiaseu and Mr. Martinez have filed their response in opposition to the motion to dismiss, ECF No. 22, and the United States has replied, ECF No. 24. The Court finds that the matter is appropriate for decision without oral argument and pursuant to Civil Local Rule 7.1(d) hereby VACATES the motion hearing previously scheduled for Friday, April 21, 2023.

For the reasons set forth below, the Court GRANTS the motion to dismiss the Second Amended Complaint without leave to amend.

/ / /

/ / /

## I. BACKGROUND AND PROCEDURAL INFORMATION

Plaintiffs Pase Fiaseu and Rodolfo Martinez are seeking damages, costs, and attorney's fees against Defendant United States for events taking place between October 2020 and May 2021 which they allege resulted in loss of consortium and the negligent infliction of emotional distress. SAC ¶¶ 11–20. They allege that their spouses—both employed at the Chula Vista Veterans Affairs ("VA") Clinic—were notified in May 2021 that they had been secretly recorded on video while using the unisex restroom at the VA Clinic. SAC ¶¶ 8-9, 11-12. Dr. Vincent Tran, a doctor at the VA Clinic, purportedly "placed or installed a video recording device" in the unisex bathroom around October 2020. SAC ¶ 11. According to the United States, "Tran is now being prosecuted by the San Diego County District Attorney's Office for his crimes." ECF No. 5 at 8. Both spouses applied for and received workers' compensation benefits under the Federal Employees' Compensation Act ("FECA"). ECF No. 5-1 at 2–4; ECF 5-2 at 2–4.

### A. First Motion And December 2022 Order To Dismiss

After Mr. Fiaseu and Mr. Martinez filed a First Amended Complaint, ECF No. 4, the United States moved to dismiss the complaint on three separate grounds, ECF No. 5. The Court found the first ground—lack of subject matter jurisdiction due to preemption by the Federal Employees' Compensation Act ("FECA")—persuasive and dismissed the Complaint with leave to amend without addressing the merits of the two remaining grounds. ECF No. 15.

In relevant parts, the Court concluded that Mr. Fiaseu's and Mr. Martinez's claims for negligent loss of consortium and negligent infliction of emotion distress were both preempted by FECA. First, the Court concluded that Ninth Circuit caselaw made clear that FECA was the exclusive remedy for both the working and non-working spouse for a loss of consortium claim. ECF No. 15 at 6–7.

Second, the Court turned to Mr. Fiaseu's and Mr. Martinez's claim for negligent infliction of emotional distress stemming from "learning that their spouses had been

surreptitiously recorded." ECF No. 15 at 7 (quoting ECF No. 4 at ¶¶ 32-33). They had relied heavily on *Woerth v. United States*, a Sixth Circuit opinion that reversed the district court's grant of summary judgment on a negligence claim that had been brought by the husband of a federal employee awarded benefits under FECA. 714 F.2d 648, 649 (6th Cir. 1983). The wife had contracted hepatitis in her role as a nurse at a VA hospital resulting from the "hospital's failure to follow its own prophylactic procedures." *Id.* Thereafter, the husband contracted hepatitis from the wife. *Id.* The wife received FECA benefits for her injuries, but her husband's "claims were administratively denied" and so he sued under the FTCA. *Id.* After considering whether the husband's claim arose "with respect to the injury or death of an employee," the Sixth Circuit concluded that his cause of action was "based upon his own personal injury, not a right of 'husband and wife.' " *Id.* at 650 (quoting *Smither & Co. v. Coles*, 242 F.2d 220, 225 (D.C. Cir. 1957)). FECA thus did not bar the husband "from attempting to establish his claim under the FTCA." *Id.*

The Court found that, even though Mr. Fiaseu's and Mr. Martinez's conclusory statements that their injuries are non-derivative to those of their spouses, ECF No. 9 at 10, their complaint and opposition brief "clearly couch[ed] their cause of action as arising from their wives' injuries and the impacts those injuries had on their 'rights' as spouses." ECF No. 15 at 8. Unlike the husband in *Woerth*, Mr. Fiaseu's and Mr. Martinez's injuries, as they described them, were "inextricably linked to the invasion of their spouses' privacy rights." *Id.* Their injuries derived from those of the injured employee; they sought "to recover damages suffered precisely because the death or injury of a given employee has impaired the special relationship between that employee and his or her spouse." *See Saltsman v. United States*, 104 F.3d 787, 790–91 (6th Cir. 1997).

The Court granted the United States' motion to dismiss. ECF No. 15 at 9. At the time, the Court was not prepared to find it would be impossible for Mr. Fiaseu and Mr. Martinez to cure the pleading deficiencies and thus granted leave to amend the complaint. *Id.*

**B.     Operative Second Amended Complaint**

Mr. Fiaseu and Mr. Martinez filed a SAC, ECF No. 16, and a redlined version showing the changes made, ECF No. 23.  The SAC asserts with more emphasis that Mr. Fiaseu's and Mr. Martinez's claims for loss of consortium and negligent infliction of emotional distress arise independently from the injuries suffered by their spouses.  *See* ECF No. 23 ¶¶ 16, 19–22.

Mr. Fiaseu and Mr. Martinez allege that this "egregious violation" of their spouses' privacy "caused each to suffer severe emotional distress, anxiety, embarrassment, worry, fear, and frustration," as well as "irreparable harm to their marital relationships."  SAC ¶ 15.  In turn, Mr. Fiaseu and Mr. Martinez allege that they "suffered and continue to suffer loss of love, companionship, comfort, care, assistance, protection, affection, society, moral support, and the loss of the enjoyment of sexual relations"; the loss of consortium.  SAC ¶¶ 16, 19.  And "[u]pon learning that their spouses had been surreptitiously video recorded," Mr. Fiaseu and Mr. Martinez allege that they "suffered serious emotional distress and continue to do so."  SAC ¶ 21.  They allege these injuries are "independent of any harm or injury . . . suffered by their spouses."  SAC ¶ 16; *accord* SAC ¶ 21.

Mr. Fiaseu and Mr. Martinez seek to recover damages under theories of negligence.  They assert that the VA Clinic had a "duty to maintain, at its facilities, a safe and healthy environment for its employees as well as their families."  SAC ¶ 18; *see also* SAC ¶ 26, 36 (duty of reasonable care).  They allege that the VA breached this duty, SAC ¶¶ 18, 27, 37, despite being put on notice that something like this could happen after a similar incident allegedly occurred at another VA in Southern California, SAC ¶¶ 17, 28, 38.  They ascribe their loss of consortium and negligent infliction of emotional distress injuries to this duty breach.  SAC ¶¶ 19, 29, 39.

The United States argues that the Complaint must be dismissed because the Court lacks subject matter jurisdiction and the Complaint fails to state a claim upon which relief can be granted.  ECF No. 5.

## II. LEGAL STANDARD

The federal court possesses only that power authorized by the Constitution or a statute. *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Federal question jurisdiction exists only when a federal question is presented on the face of the plaintiff's well-pleaded complaint. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 207 (2004); *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Once a defendant moves to dismiss for lack of subject matter jurisdiction, the burden shifts to the plaintiff to prove that jurisdiction exists. *Sopcak v. N. Mountain Helicopter Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).

"Sovereign immunity is jurisdictional in nature. Indeed, the 'terms of [the United States'] consent to be sued in any court define that court's jurisdiction to entertain the suit.'" *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994) (alteration in original) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). FECA allows for federal employees to obtain workers' compensation benefits. (*See* ECF 5 at 12; ECF 9 at 7.) 5 U.S.C. §§ 8101–93 (2016). It instructs the United States to compensate federal employees "for injuries sustained during the performance of their duties." *Figueroa v. United States*, 7 F.3d 1405, 1407 (9th Cir. 1993); *see* 5 U.S.C. § 8102(a). Its "exclusivity provision bars recovery under the [Federal Tort Claims Act ("FTCA")]," proscribing "all other liability of the United States . . . to the employee[,] . . . [spouse,] and any other person otherwise entitled to recover damages from the United States . . . under a Federal tort liability statute." *Moe v. United States*, 326 F.3d 1065, 1068 (9th Cir. 2003) (quoting 5 U.S.C. § 8116(c)). FECA operates as a type of compromise: It "provide[s] immediate compensation to federal employees, regardless of fault, eliminating the need to litigate those claims. In return, employees lose the right to sue the Government." *Id.* at 1069 (citation omitted); *see also Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193–94 (1983) (discussing FECA's exclusive liability provision).

"To survive a motion to dismiss, a complaint must contain a sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007)). A claim is facially plausible when it contains factual allegations "that allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Instead, "for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted 'unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency,' " i.e., "the amendment would be futile." *DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) (quoting *Schreiber Distrib. Co. v. Serve-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986)). A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1072 (9th Cir. 2008) (quoting *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003)).

## III. DISCUSSION

The United States argues that Mr. Fiaseu's and Mr. Martinez's Complaint remains barred by FECA's exclusivity provision. ECF No. 17 at 10. The United States reasserts that Mr. Fiaseu's and Mr. Martinez's "alleged injuries unmistakably flow directly from the underlying spousal injuries," and are thus precluded by FECA. *Id.* at 10–11. Mr. Fiaseu and Mr. Martinez respond that their Complaint now makes clear that their "claims are independent of their spouses' injuries, and thus, are outside of the framework of the FECA bar." ECF No. 22 at 6.

> **A.   Mr. Fiaseu And Mr. Martinez Fail To Distinguish Their Loss Of Consortium Claims From Those That Were Dismissed By The Sixth, Ninth, And Tenth Circuit Courts Of Appeal.**

Mr. Fiaseu and Mr. Martinez again seek to distinguish their claims for loss of consortium from those of other non-employee family members that have similarly been dismissed.[1] ECF No. 22 at 7–8. First, as before, they attempt to distinguish their loss of consortium claim from that of the non-employee spouse in *Posegate v. United States*, 288 F.2d 11 (9th Cir. 1961). ECF No. 22 at 7–8.

In *Posegate v. United States*, the Ninth Circuit affirmed the dismissal of a husband and wife's complaint for damages, including those arising from the wife's loss of consortium, after the federal employee husband suffered a workplace injury. 288 F.2d 11 (9th Cir. 1961). The wife's loss of consortium claim failed for the same reason her husband's claim failed: compensation under FECA was the exclusive remedy for them both. *See id.* at 13-14.

Mr. Fiaseu and Mr. Martinez argue that *Posegate* is (1) distinguishable because "the wife's loss of consortium claim was brought together with her husband's (the federal employee) injury claim"; and (2) not binding authority because the Ninth Circuit "provided no analysis or reasoning for its summary dismissal on the issue." ECF No. 22 at 7–8. As explained before, FECA's preclusive nature cannot reasonably hinge on whether spouses bring their claims together versus separately. *See* ECF No. 15 at 5 n.2. As to the latter argument, *Posegate* briefly but plainly analyzes the wife's loss of consortium claim in concert with the husband's FTCA claim such that it constitutes binding authority. After

---

[1] Notably, Mr. Fiaseu and Mr. Martinez do not address two persuasive authorities that the Court relied on, in part, in its December 2022 Order dismissing the loss of consortium claim, *see* ECF No. 15 at 6: *Swafford v. United States*, 998 F.2d 837 (10th Cir. 1993) (affirming FECA offers exclusive remedy for husband's loss of consortium claims when employee wife suffered sexual harassment at federal workplace) and *Saltsman v. United States*, 104 F.3d 787 (6th Cri. 1997) (affirming FECA preempted FTCA claims from spouses alleging wrongful death, negligent infliction of emotional distress, and loss of consortium due to injury of their federal employee spouses). *See* ECF No. 22 (absence).

introducing the appellee United States' argument that dismissing the spouses' "complaint was proper because any liability of the United States to either of the appellants was exclusively under the provisions of the Federal Employees' Compensation Act," the Ninth Circuit quoted two sections of FECA, emphasizing its extension to suits brought by the *spouse* of the injured or deceased employee. 288 F.2d at 13. Then, after explaining that the "appellants'" arguments concerning the husband's claims of "permanent impotence" had similarly been denied in other state worker's compensation statutes, the Ninth Circuit quoted extensively from a D.C. Circuit opinion in a case brought by the spouse of an injured employee for loss of consortium:

> The history of the development of statutes, such as this, creating a compensable right independent of the employer's negligence and notwithstanding an employee's contributory negligence, recalls that the keystone was the exclusiveness of the remedy. . . . [T]he purpose of these laws was to provide "not only for employees a remedy which is both expeditious and independent of proof of fault, but also for employers a liability which is limited and determinative."

*Id.* at 13–14 (quoting *Smither & Co. v. Coles*, 242 F.2d 220, 222 (D.C. Cir. 1957)). Finally, after pointing to legislative history that again emphasized the exclusivity of recovering under FECA for a person protected by FECA, the Ninth Circuit held that the husband was (1) a person protected by FECA; (2) thus precluded from recovering under the FTCA; and (3) that the wife's claim for damages for the loss of consortium also lacked merit. *Id.* at 14. Because the United States, as a sovereign, is able to delineate the extent to which it is subject to suit, and it explicitly precludes a spouse's ability to recover "on account of" their federal employee spouse's injury or death covered by FECA, the Ninth Circuit was able to dismiss the wife's loss of consortium claim for the same reason it dismissed the employee husband's FTCA claim. *See id.* at 13–14 (quoting then 5 U.S.C. 757(b) (current version at 5 U.S.C. § 8116(c))); *see also Smither & Co.*, 242 F.2d at 224–25 ("We need not decide, however, whether the right of one spouse to recover damages for loss of consortium is derivative or independent; under this statute, as indeed under the statutory scheme of such

statutes everywhere, all the rights of 'husband or wife' are merged into the exclusive remedy provided by the Act and are barred by a recovery under the Act.").

Next, Mr. Fiaseu and Mr. Martinez argue that their circumstances are distinct from the non-employee non-dependent father in *Thol v. United States*, 218 F.2d 12 (9th Cir. 1954). In *Thol*, the Ninth Circuit affirmed the dismissal of a father's suit for damages against the United States under the FTCA for loss of consortium when his son died in the scope of the son's federal employment finding that FECA was the exclusive remedy for a non-dependent parent upon his federal employee son's death. *Id*. at 13-14. Plaintiffs argue that *Thol* has no application because (1) they "are bringing individual claims with their own separate injuries—harm that they personally experienced" and (2) "their spouses did not die from the government's [alleged] negligence" so they are not able to "receive survivor benefits" under FECA; only their spouses can recover.[2] ECF No. 22 at 8.

Beyond conclusory statements, Mr. Fiaseu and Mr. Martinez do not explain how their loss of consortium claim is a "harm that they personally experienced" but Mr. Thol's loss of consortium claim for the death of his son was not a harm that he personally experienced. *See* ECF No. 22 at 8 (absence).[3] Next, although the Court previously acknowledged that Mr. Fiaseu and Mr. Martinez sought to distinguish their claims from those in *Thol* given that their "spouses did not die from the government's [alleged] negligence," ECF No. 15 at 6 (alteration in original) (quoting ECF No. 9 at 9), the Court emphasized the broad holding from *Thol*: "In unmistakable language [FECA] precludes resort to a suit in damages against the United States for *injury to* or death of an employee

---

[2] The Court interprets this latter argument to be one of policy and is addressed in Section III.C, *infra*.

[3] Mr. Fiaseu and Mr. Martinez similarly contrast their claim from *Underwood* by asserting only that their "claims are not for the harm caused to their *spouses* from the government's negligence, but for *their own* novel and individualized harms that they have experienced." ECF No. 22 at 8. They entirely fail to engage with the fact that the surviving husband in *Underwood* must have similarly felt that his claim for loss of consortium when his federally employed wife was killed in the performance of her duties was for his own novel and individualized harm that he experienced. *See* 207 F.2d at 862.

by anyone who might in the absence of the statute have been entitled to maintain an action for such injury or death." 218 F.2d at 13 (emphasis added). This comported with the holdings in other circuits. *See, e.g.*, *Swafford v. United States*, 998 F.2d 837 (10th Cir. 1993) (affirming FECA offers exclusive remedy for husband's loss of consortium claims when wife suffered injuries from sexual harassment at federal workplace); *Saltsman v. United States*, 104 F.3d 787 (6th Cir. 1997) (affirming FECA preempted Federal Tort Claims Act ("FTCA") claims from spouses alleging wrongful death, negligent infliction of emotional distress, and loss of consortium due to injury or death of their federal employee spouses).

At the time that *Thol* was filed, FECA afforded benefits to a non-dependent parent for the death of their federal employee child only for a limited burial allowance. *Id.* Similar to Mr. Fiaseu and Mr. Martinez, the father argued that because FECA did not offer benefits "payable on account of his asserted loss," it "should not be construed as depriving him a remedy under the [FTCA]." *Id.* The Ninth Circuit was not persuaded and held that, akin to comparable state worker's compensation statutes, FECA "precludes resort to a suit in damages against the United States for injury or death of an employee by anyone who might in the absence of the statute have been entitled to maintain an action for such injury or death." *Id.*; *see also id.* at 14 (affirmatively discussing a Tenth Circuit case that "held that the terms of [FECA] bar an independent common law suit, the suit in that case being by a husband for loss of consortium" (quoting *Underwood v. United States*, 207 F.2d 862, 864 (10th Cir. 1953))).

Mr. Fiaseu and Mr. Martinez have failed to distinguish their loss of consortium claims from those of other plaintiffs dismissed and affirmed on appeal in *Posegate*, *Thol*, and *Underwood*. They cannot unilaterally assert that their loss of consortium injuries are "independent of any harm or injury . . . suffered by their spouses," SAC ¶ 16, and not offer any further explanation once the United States has shifted to them the burden of proof of establishing that subject matter jurisdiction exists, *see Sopcak v. N. Mountain Helicopter*

*Serv.*, 52 F.3d 817, 818 (9th Cir. 1995).[4]  Because FECA plainly limits the United States' liability to an injured employee's spouse, including for "common law suits against employers in situations . . . not falling within the coverage of the [Act]," *see Thol* 218 F.2d at 13–14; 5 U.S.C. § 8116(c), the Court lacks jurisdiction to consider this claim further. Non-binding cases to which Mr. Fiaseu and Mr. Martinez try to analogize their claims only reassure the Court of its position.

### B. Mr. Fiaseu And Mr. Martinez Fail To Analogize To Favorable Case Law.

Mr. Fiaseu and Mr. Martinez next attempt to analogize to decisions from the Sixth Circuit, California Court of Appeal, and Louisiana Court of Appeal which allowed family members to bring common law tort claims against employers despite the worker's compensation statutes.[5]  ECF No. 22 at 8–11.  First they argue that the holding from *Woerth v. United States*, 714 F.2d 648 (6th Cir. 1983), should persuade this Court to deny the United States' motion to dismiss.  In *Woerth*, the Sixth Circuit reversed the district court's grant of summary judgment for the defendant United States in a negligence suit brought by the husband of a federal employee awarded benefits under FECA.  *Id.* at 649.

The wife had contracted hepatitis in her role as a nurse at a VA hospital resulting from the "hospital's failure to follow its own prophylactic procedures."  *Id.*  Thereafter, the husband contracted hepatitis from the wife.  *Id.*  The wife received FECA benefits for her injuries, but her husband's "claims were administratively denied" and so he sued under the

---

[4] The Court finds additional support for this outcome in *Woerth v. United States*, 714 F.2d 648 (6th Cir. 1983), on which Mr. Fiaseu and Mr. Martinez heavily rely because they allege it "is the closest factual likeness to the case at bar," ECF No. 22 at 8. In *Woerth*, discussed *infra* in greater detail, the Sixth Circuit first quoted the United State Supreme Court's description of FECA's "compromise," which was "essentially the same as that found, for example, in [another worker's compensation] Act," then explained that under that Act, "a loss of consortium claim asserts 'rights of "husband and wife" [which] are merged into the exclusive remedy provided by the [Act].' "  714 F.2d at 650 (second alteration in original) (first quoting *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 194 (1983), then quoting *Smither & Co. v. Coles*, 242 F.2d 220, 225 (D.C. Cir. 1957)).

[5] All three cases concern injuries arising from communicable diseases, a fact with which Mr. Fiaseu and Mr. Martinez do not engage.

FTCA. *Id.* After considering whether the husband's claim arose "with respect to the injury or death of an employee," the Sixth Circuit concluded that his cause of action was "based upon his own personal injury, not a right of 'husband and wife.' " *Id.* at 650 (first quoting 5 U.S.C. § 8116(c), then quoting *Smither & Co. v. Coles*, 242 F.2d 220, 225 (D.C. Cir. 1957)). FECA thus did not bar the husband "from attempting to establish his claim under the FTCA." *Id.* The Sixth Circuit further explained that the husband and wife's status as a married couple was irrelevant to the tort: "The fact that the disease was transmitted through his spouse does not place Woerth in a position different from that of any other unrelated, but similarly injured, tort victim." *Id.* Unlike the plaintiff in *Woerth*, Mr. Fiaseu and Mr. Martinez are raising two causes of action that are recognized in the common law only by virtue of their close familial ties to their spouses.[6]

Although the Ninth Circuit has not yet addressed the *Woerth* decision or considered whether an emotional distress claim brought by a non-employee is permitted under FECA, other courts have cited *Woerth* in support of allowing a non-employee spouse to recover for harms resulting from contracting a communicable illness from an employee spouse. For example, in *See's Candies, Inc. v. Superior Court*, 73 Cal. App. 5th 66, 89–90 (2021), similar to *Woerth*, the California Court of Appeal affirmed a trial court order allowing an employee wife to sue her employer for the wrongful death of her non-employee husband after the wife allegedly "contracted COVID-19 at work because of defendants' failure to

---

[6] A loss of consortium claim is typically defined as the "loss of the benefits that one *spouse* is entitled to receive from the other, including companionship, cooperation, aid, affection, and sexual relations." *Loss of Consortium*, *Black's Law Dictionary* (11th ed. 2019) (emphasis added); *see also* SAC ¶ 32. As for a negligent infliction of emotional distress claim, a plaintiff not within the "zone of danger"—meaning they were not "placed in immediate risk of . . . harm"—typically may only recover if they were somewhat nearby and "closely related" to the victim. *See Consol. Rail Corp. v. Gottshall*, 512 U.S. 532, 548–49 (1994) (quoting *Dillon v. Legg*, 68 Cal.2d 728, 740–41 (1968) (discussing the various tests for recovering under negligent infliction of emotional distress)); *see also* SAC ¶ 38 (discussing foreseeability of harm to "employees and their respective families"); ECF No. 22 at 11 (discussing harms to Mr. Fiaseu and Mr. Martinez in context of harms felt because of their role as husbands and married people).

implement adequate safety measures."[7]  73 Cal. App. 5th at 72.  The husband then contracted COVID-19 from the wife and "died from the disease a month later."  *Id.*  Mr. Fiaseu and Mr. Martinez argue—without providing any pin cites—that the California Court of Appeal held that the "claimed injuries—stemming from the harm felt by the individual non-employee spouse and father—were not derivative and so, not barred by workers' compensation and could be brought as a separate cause of action."[8]  ECF No. 22 at 10.

Though true that the California Court of Appeal held that the deceased husband's injuries were not "derivative" of his wife's injury, *See's Candies*, 73 Cal. App. 5th at 89–90, the court's reasoning appears to contradict Mt. Fiaseu and Mr. Martinez's arguments.  The Court of Appeal first explained California Supreme Court binding precedent:  "*Snyder* [*v. Michael's Stores, Inc.*,] established that the fact an employee's injury is the biological cause of a nonemployee's injury does not thereby make the nonemployee's claim derivative of the employee's injury."  *Id.* at 73; *see Snyder*, 16 Cal. 4th 991, 1000 (1997).  However, "*Snyder* approved of cases applying the [derivative injury] doctrine to claims by family members for losses stemming from an employee's disabling or lethal injury, such as wrongful death, loss of consortium, or emotional distress from witnessing a workplace accident."  *See's Candies*, 73 Cal. App. 5th at 73; *see Snyder*, 16 Cal. 4th at 997, 1001.  Even more contradictory to Mr. Fiaseu's and Mr. Martinez's position, is that the Court of

---

[7] Mr. Fiaseu and Mr. Martinez describe the wife's suit as one for "wrongful death and loss of consortium," ECF No. 22 at 10, but this appears to be in error because the California Court of Appeal describes the suit only as "a wrongful death action."  *See Candie's*, 73 Cal. App. 5th at 72.  Although the Court of Appeal discusses loss of consortium claims generally, *see, e.g.*, *id.* at 72–73, 81–82, Mr. Fiaseu and Mr. Martinez do not provide any pin cite in which the Court of Appeal describes the claim as one for loss of consortium, *see* ECF No. 22 at 10 (absence).  Whether the suit also concerned loss of consortium claims is immaterial to the analysis.

[8] Mr. Fiaseu and Mr. Martinez describe the opinion as defining derivative injuries "as the 'economic' and 'intangible' losses suffered by an employee's loved ones as a result of the employee's disability or death."  ECF No. 22 at 10 (quoting—without any pin cite—*See's Candies*, 73 Cal. App. 5th 66).

Appeal proceeds to persuasively explain why causes of action like the "loss of an injured employee's consortium, and emotional distress from witnessing the workplace death of a spouse" are necessarily derivative claims precluded by the state worker's compensation statute:

> What unites these types of claims is not merely that they are causally linked to an injury occurring to another person, but also that they are based on losses arising simultaneously from that injury—the directly injured party is disabled or killed, which in turn deprives close relatives of the injured party's support and companionship. In other words, when a tortious event occurs, multiple parties may immediately be affected, and the law entitles the close relatives of the directly injured party to recover damages on top of what the injured party may recover. It is this aspect of wrongful death, loss of consortium, and bystander emotional distress claims that makes them "derivative" of the directly injured party's claim.
>
> Accordingly, it is legally impossible to state a cause of action for such claims without alleging a disabling or lethal injury to another person. This is reflected in the elements of the causes of action themselves. . . . A claim for loss of consortium requires " 'a tortious injury to the plaintiff's spouse . . . .' " A witness to an "injury-producing" event may recover for negligent infliction of emotional distress if the witness "is closely related to the injury victim."
>
> Similarly, the damages recoverable for these causes of action all refer back to the disability or death suffered by the directly injured party. . . . Loss of consortium involves harms to " ' "the noneconomic aspects of the *marriage relation*, including conjugal society, comfort, affection, and companionship," ' " as well as "sexual relations, moral support, and household services." The damages for emotional distress recoverable in a bystander claim, of course, reflect the trauma of witnessing a tortious injury to a loved one.

*See's Candies*, 73 Cal. App. 5th at 86–87 (third omission in original) (citations omitted) (first quoting *LeFiell Mfg. Co. v. Superior Court*, 55 Cal. 4th 275, 284 (2012); second quoting *Thing v. La Chusa*, 48 Cal. 3d 644, 647 (1989); third quoting *Mealy v. B-Mobile*,

*Inc.*, 195 Cal. App. 4th 1218, 1223 (2011)); *see also id.* at 81 (discussing exclusivity provision of worker's compensation statute as extending to loss of consortium and negligent infliction of emotional distress claims).

Finally, Mr. Fiaseu's and Mr. Martinez's attempt to analogize to "the fear experienced at the extremely small risk of contracting [hepatitis B]," ECF No. 22 at 11, by a husband and children after the family's matriarch was "pricked by contaminated needles at her place of employment," *Raney v. Walter O. Moss Reg'l Hosp.*, 629 So. 2d 485, 486 (La. Ct. App. 1993)[9], is similarly unpersuasive. After extensively discussing the typical and excepted loss of consortium claim, the Court of Appeal distinguished the plaintiffs' claims: the loss of consortium claim "not only hinge[s] upon the injury to the injured employee, and a derivative thereof, but more importantly the claim[] [was] *directly intertwined* with the employee's injury," but the plaintiffs in *Raney* brought claims that were "corollary to the suffering of [the matriarch]." *Id.* at 487–89.[10]

Accordingly, even though Mr. Fiaseu and Mr. Martinez undoubtedly suffered in their own ways as a result of what happened to their wives, they fail to offer any legal authority—persuasive or binding—or argument beyond conclusory statements to convince the Court of its jurisdiction to hear the merits of their claim despite FECA.

### C.  Policy Argument

Finally, Mr. Fiaseu and Mr. Martinez argue that even if their claims are considered derivative, policy arguments counsel in favor of allowing the claims to proceed. ECF

---

[9] In relevant parts, Mr. Fiaseu and Mr. Martinez cite this case as "629 So.2d 485, 485-487 (*3rd Cir.* 2018)." ECF No. 22 at 11 n.4 (emphasis added). Though perhaps unintentional, they should be aware that citing a state appellate court in this way, rather than in accordance with *The Bluebook*, may lead one to infer they were trying to present the case as one from the Third Circuit U.S. Court of Appeals. *See* THE BLUEBOOK: A UNIFORM SYSTEM OF CITATION 260 tbl. T.1 (Columbia L. Rev. Ass'n et al. eds., 21st ed. 2020) (instructing how to cite to cases from the Louisiana Court of Appeal).

[10] The court of appeal also relied, in part, on the text of the specific worker's compensation statute which defined covered injuries narrowly and did not cover plaintiffs' alleged injuries. *Raney*, 629 So. 2d at 489.

No. 22 at 11. They acknowledge the Court's earlier explanation that FECA is a " 'compromise' where the government is shielded from liability in return for an injured employee receiving assured compensation regardless of fault or the need for litigation," but argue that as spouses—rather than the employees—they were given no consideration in "exchange for their excluded claim." *Id.* (quoting ECF No. 15 at 9). *See Moe v. United States*, 326 F.3d 1065, 1069 (9th Cir. 2003) (discussing the FECA compromise). Even ignoring the binding and persuasive above-discussed caselaw instructing on this issue, this position overlooks that FECA effectively benefits the marriage economy by compensating medical care and wages that would otherwise be lost, without the hassle of pursuing litigation. Accordingly, this policy argument is not persuasive and the Court dismisses the Complaint for lack of jurisdiction without addressing the United States' remaining arguments for dismissal.

## IV.  CONCLUSION

The Court GRANTS the United States' motion to dismiss the Complaint for lack of subject matter jurisdiction and DENIES leave to amend the Complaint.

**IT IS SO ORDERED.**

Dated:  April 20, 2023

Hon. Gonzalo P. Curiel
United States District Judge